IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BELLUR G. SHIVA PRASAD,

    Plaintiff,　　　　　　　　　　　　Case No. 3:15-cv-150

v.

A.O. SMITH ELECTRICAL　　　　　　　District Judge Walter H. Rice
PRODUCTS CO.,　　　　　　　　　　　　Magistrate Judge Michael J. Newman

    Defendant.

---

## DISCOVERY ORDER

---

This case came before the undersigned for a lengthy informal discovery conference by telephone on October 21, 2015 at 3:00 p.m. Attorneys Brett Buhl and Robert Seidler participated on behalf of Defendant, and Plaintiff participated *pro se*. The Court reviewed the statements submitted by both sides summarizing the discovery issues, and heard extensive argument from *pro se* Plaintiff and counsel for Defendant.

As the Court has previously noted, this case was filed *pro se* in Cincinnati in September 2012. Doc. 1. Plaintiff subsequently obtained counsel. Doc. 7. However, his counsel withdrew from the case in April 2015. Docs. 29, 34. Since the transfer of this case to Dayton in April 2015, doc. 34, the undersigned has held several discovery status conferences with the parties, and afforded *pro se* Plaintiff significant time to obtain counsel. *See* docs. 36, 41. Although this case is now over three years old, the Court recently extended the discovery deadline, adopting *pro se* Plaintiff's proposed discovery cut-off date over Defendant's objections. Docs. 42, 44, 45.

At issue now are four concerns raised by Defendant during the October 21, 2015 discovery conference: (1) Plaintiff has failed to produce any documents related to other lawsuits

he is or has been involved in response to Defendant's Request for Production 24; (2) Plaintiff has failed to provide verification of his interrogatory responses; (3) Plaintiff has failed to provide dates for the five depositions he plans to take, and which must occur on or before the November 30, 2015 discovery deadline, *see* doc. 45; and (4) Plaintiff refuses to provide a phone number to Defendant's counsel so that they may meet and confer regarding discovery issues. During the conference, Plaintiff provided the Court and counsel with his cell phone number and the Court expects that Plaintiff will promptly respond to defense counsel's communications regarding discovery.

As to Defendant's remaining discovery issues, the Court **ORDERS** as follows: (1) Plaintiff **SHALL** produce the docket sheet and complaint for any and all lawsuits he is currently involved in or has been involved in, in any capacity, in the last ten years in any court within the United States; (2) Plaintiff **SHALL** provide a sworn verification of his interrogatory responses; and (3) Plaintiff **SHALL** advise counsel for Defendant, in writing, of the names of the five witnesses he plans to depose, as well as dates and times for such depositions.[1] All of the foregoing shall be provided to defense counsel on or before **OCTOBER 27, 2015** at **5:00 P.M**. Plaintiff **SHALL** file a **NOTICE** with the Court verifying his full compliance with this Order on or before **OCTOBER 28, 2015** at **5:00 P.M.**

Plaintiff raised three issues during the discovery conference: (1) Defendant has not responded to requests for production of documents and interrogatories submitted by Plaintiff's former attorney; (2) Defendant has not produced documents related to an alleged background check conducted by Defendant; and (3) Defendant has not produced documents regarding

---

[1] As previously ordered by the Court, all depositions taken by Plaintiff shall occur at 9:00 a.m. in Courtroom 4 of the Federal Building, 200 West Second Street, Dayton, Ohio 45402. Doc. 45. After Plaintiff and counsel for Defendant have agreed upon dates for the depositions, Plaintiff shall contact the undersigned's courtroom deputy, Diane Marcus, at (937) 512-1640, to confirm availability of the Courtroom. The Court is not responsible for providing a court reporter.

communication with Regal Beloit.[2]  Counsel for Defendant, an officer of this Court, represented that Defendant: (1) fully responded to the discovery propounded by Plaintiff's former counsel, and served Plaintiff with a copy of such discovery responses in accordance with the Court's Order (doc. 41); (2) produced all documents related to the decision to not employ Plaintiff, including any background check(s); and (3) produced all relevant communications between Defendant and Regal Beloit.  Accordingly, the issues raised by Plaintiff are moot.

During the conference the Court also confirmed the date of Plaintiff's deposition -- October 30, 2015 at 9:00 a.m. at the office of Mike Mobley Reporting, *i.e.,* 334 South Main Street, Dayton, Ohio 45402.  Plaintiff **SHALL** appear and participate in good faith.

Plaintiff is **ADVISED** that his failure to fully provide the requested discovery as ordered here, or participate in good faith in his or any other deposition, may result in sanctions, including dismissal of this case.  *See Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003) ("[a] district court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's [O]rders") (citations omitted); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v) (authorizing the dismissal of a case for failure to obey a Discovery Order).

**IT IS SO ORDERED.**

Date:   October 22, 2015                             *s/ Michael J. Newman*
                                                     Michael J. Newman
                                                     United States Magistrate Judge

---

[2] According to Plaintiff's amended complaint, Defendant owned and operated an electrical manufacturing division in Tipp City, Ohio until August 2011, when Regal Beloit purchased the division. Doc. 14 at PageID 40.  The job that Plaintiff sought and was ultimately denied, *i.e.*, the subject of this litigation, was to be in the Tipp City facility.  *Id.*  Regal Beloit was named as a defendant in this case, but Plaintiff (through his former counsel) voluntarily dismissed Regal Beloit in June 2013.  Docs. 1, 9, 12. During the discovery conference, and in his statement summarizing the discovery dispute, Plaintiff referenced the possibility of "bringing Regal Beloit back" as a defendant.  The undersigned notes that the deadline to add parties and amend pleadings lapsed on October 27, 2014, *i.e.*, almost one year ago, and that Plaintiff has not sought leave to add Regal Beloit as a defendant.  Doc. 22.