UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BELLUR G. SHIVA PRASAD,

    Plaintiff,

v.

A.O. SMITH ELECTRICAL
PRODUCTS CO.,

    Defendant.

Case No. 3:15-cv-150

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

## ORDER

This civil case is again before the Court concerning *pro se* Plaintiff's failure to comply with discovery demands, and his failure to comply with this Court's Order to -- among other things -- provide interrogatory responses under oath. Defendant has now filed a motion to dismiss for lack of prosecution (doc. 59), to which *pro se* Plaintiff responded (doc. 63).[1] That motion is ripe for decision by the Court.

In defending his failure to provide interrogatory responses, *pro se* Plaintiff states only that he has explained his failure to do so "several times through written submission and in telephone [c]onferences." Doc. 63 at PageID 255. As noted previously by the undersigned, the explanation given by *pro se* Plaintiff is his refusal to affirm interrogatory responses prepared by his former attorney. Again, the undersigned reminds *pro se* Plaintiff that this explanation is not

---

[1] Because *pro se* Plaintiff's deposition is scheduled to commence on February 8, 2016, and because Defendant has not received all discovery from *pro se* Plaintiff, Defendant moved to expedite the briefing on its motion to dismiss. Doc. 61 at PageID 250. The Court granted Defendant's motion to expedite briefing. Thereafter, *pro se* Plaintiff filed a "Rebuttal to Defendant's Motion to Expedite Briefing," although the substance of that filing appear to attack the substance of Defendant's motion to dismiss. *See* doc. 63 at PageID 255-56. Accordingly, the undersigned construes *pro se* Plaintiff's "Rebuttal to Defendant's Motion to Expedite Briefing" as a memorandum in opposition to Defendant's motion to dismiss for failure to prosecute.

an excuse to altogether fail to provide interrogatory responses under oath.  The Court has neither requested nor ever required that Plaintiff must affirm, under oath, the accuracy of interrogatory responses prepared by others, including Plaintiff's former attorney.  Instead, the undersigned informed *pro se* Plaintiff that, if he cannot affirm the accuracy of answers as written by his former attorney, he **shall** -- under oath and in good faith -- **write, under oath, his own answers to the interrogatories and serve those responses upon counsel for Defendant**.  Nevertheless, without dispute, *pro se* Plaintiff has failed to do so.

The Court will give one last opportunity to provide written responses to interrogatories to Defendant's attorney.  Plaintiff shall serve these responses on Defendant's attorney and file a copy with the Court before **4:00 p.m.** on **February 4, 2016**.  Plaintiff's failure to provide interrogatory responses under oath as **ORDERED** may result in the Court vacating his deposition set for February 8, 2016, and may also result in the undersigned recommending that Defendant's motion to dismiss for failure to prosecute be granted.  Accordingly, the undersigned will hold in abeyance any recommendation concerning Defendant's motion to dismiss until after 4:00 p.m. on February 4, 2016.

The Clerk of Courts is **ORDERED** to promptly serve this Order on Plaintiff at his mailing address and email address of record.[2]

---

[2] The undersigned will note *pro se* Plaintiff's continued argument that Defendant has failed to comply with discovery in this case because it has not stated "whether the discovery answers have come from A.O. Smith Product Company ["A.O. Smith"] or from Regal Beloit."  Doc. 63 at PageID 255-56. As previously detailed by the Court, *see* doc. 56 at PageID 228, n.1, Regal Beloit is not a party in this case.  Rules 33 and 34 of the Federal Rules of Civil Procedure contemplate discovery from parties only. *See* Fed. R. Civ. P. 33, 34.  Because A.O. Smith is the only Defendant in this case, it is the only entity that can respond to discovery requests under Rules 33 and 34.  Accordingly, *pro se* Plaintiff's contention in this regard has no merit.  There are certainly mechanisms available to *pro se* Plaintiff in seeking discovery from non-parties, *see* Fed. R. Civ. P. 45, but *pro se* Plaintiff has not detailed his efforts in that regard.

**IT IS SO ORDERED**.

Date: February 1, 2016        *s/ Michael J. Newman*
                              Michael J. Newman
                              United States Magistrate Judge